[Cite as *Islam v. Razzak*, 2026-Ohio-1379.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| TAJUL ISLAM, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 115438 |
| RUMANA RAZZAK, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 16, 2026

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-21-385823

*Appearances:*

Theodore A. Amata, *for appellant.*

Taft, Stettinius & Hollister LLP and Amanda M. Pipik-Leip, *for appellee.*

EMANUELLA D. GROVES, P.J.:

{¶ 1} Plaintiff-appellant Tajul Islam ("Islam") appeals the trial court's denial of his motion to continue a hearing. Islam claims that he was denied his rights to effective assistance of counsel, a fair trial, and due process when the hearing

proceeded in his and his counsel's absence.  Upon review, we affirm the trial court's decision.

## I.  Facts and Procedural History

{¶ 2}  Islam filed a complaint for divorce against defendant-appellee Rumana Razzak ("Razzak") in June 2021, which culminated in a judgment entry of divorce terminating the marriage and determining various issues, including child custody, marital-property division, and spousal and child support.[1]  After the finalization of their divorce, the parties engaged in extensive post-decree litigation.  Relevant to this appeal — and beginning in March 2023 — Razzak filed motions for attorney fees, to enforce court-ordered payment for her marital-property interest, and to show cause for Islam's failure to pay spousal and child support.  Islam also filed motions to modify support.  Multiple conferences were held and several hearings were cancelled and rescheduled.

{¶ 3}  In June 2024, Razzak filed a motion to compel discovery.  Therein, Razzak asserted that discovery requests were propounded to Islam in May 2024 and Islam failed to respond despite subsequent inquiries.  At the time of the motion's filing, Razzak had not received any discovery-related communications or responses

---

[1] A judgment entry captioned "Judgment Entry of Divorce" was filed in November 2021.  Razzak appealed the November 2021 judgment entry, and this court found that it was not a final, appealable order since it did not grant the parties a divorce or terminate the marriage.  After the appeal was dismissed, the trial court issued a nunc pro tunc entry revising the November 2021 entry and replacing it with a final divorce decree judgment entry in July 2022.  *Islam v. Razzak*, No. 111071 (8th Dist. June 29, 2022).

from Islam. Conferences continued and the hearing was ultimately rescheduled for October 3, 2024, and assigned to a magistrate.

{¶ 4} In September 2024, Razzak issued subpoenas and filed a motion for continuance. Razzak asserted that she was forced to issue the subpoenas since Islam refused to respond to discovery. Razzak explained that she received responses indicating that the subpoenaed records could not be produced in time for the October 3, 2024 hearing and a short continuance was necessary to complete discovery.

{¶ 5} On October 2 and 3, 2024, docket entries indicated that a new hearing was set for October 11, 2024, and the October 3, 2024, hearing was cancelled. On October 4, 2024, the trial court issued a judgment entry indicating that Razzak's motion for continuance was well taken and, for good cause shown, the hearing was reset for October 11, 2024. The judgment entry further stated, "No further continuances will be granted due to the unavailability of counsel. Should any counsel be unable to attend the scheduled hearing, he/she shall provide substitute counsel to represent his/her client in the hearing/trial." According to the docket, the judgment entry was sent via email to Razzak, Razzak's counsel, and Islam's counsel that same day and via regular mail to Islam on October 7, 2024.

{¶ 6} In the afternoon on October 10, 2024, Islam, through counsel, filed a motion for continuance. Islam explained that his counsel was engaged in a criminal jury trial that commenced on October 7, 2024, and was expected to conclude on October 17, 2024. Islam argued that the criminal trial took precedence based on the

Ohio Rules of Superintendence and, therefore, his counsel was unavailable to appear until the trial's completion. The motion included a reference to the criminal trial's case number, but a copy of the conflicting assignment was not attached.

{¶ 7} At the October 11, 2024 hearing — at which neither Islam nor his counsel were present — the magistrate indicated that Islam's motion was denied by the trial court judge. The hearing on the pending motions proceeded despite Islam and his counsel's absence. A judgment entry denying the continuance was filed on October 21, 2024.

{¶ 8} After the hearing, Razzak filed a motion to dismiss Islam's motion to modify support since he failed to prosecute his claim and disregarded the court's order advising that further continuances would not be granted for any counsel's unavailability. The trial court granted Razzak's motion — indicating that it informed the parties that Islam's motion for continuance was denied but Islam and his counsel failed to appear at the hearing — and dismissed Islam's motion to modify support without prejudice for failure to prosecute.

{¶ 9} The parties continued to engage in extensive post-decree litigation, and new counsel entered an appearance for Islam in December 2024. On June 18, 2025, the magistrate issued a decision regarding the matters addressed during the October 11, 2024 hearing. The docket reveals that the magistrate's decision was sent to Razzak and both parties' attorneys — including Islam's original and new counsel — via email on June 20, 2025, and to Islam via regular mail on June 23, 2025.

However, Islam's objection to the magistrate's decision was not filed until July 17, 2025.

{¶ 10} On July 23, 2025, the trial court issued a judgment entry adopting the magistrate's decision. Therein, the trial court found that Islam's objections were untimely, noting that the version of Cuyahoga C.P., Domestic Relations Loc.R. 27 then in effect established that objections to a magistrate's decision must be filed and served within 14 days after the decision's filing. The trial court concluded that the parties waived their rights to any further hearings on the matter since timely objections were not filed.

{¶ 11} Islam appeals, raising three assignments of error for review.

**Assignment of Error No. 1**

The trial court denied Islam due process of law when it denied the request for continuance and proceeded to trial without [the] presence of his counsel.

**Assignment or Error No. 2**

[Islam] was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution.

**Assignment of Error No. 3**

Cumulative error deprived [Islam] of a fair trial.

## II. Law and Analysis

### A. Denial of Motion to Continue

{¶ 12} In his first assignment of error, Islam argues that the denial of his motion for continuance amounts to an abuse of discretion. Islam claims that the

decision was contrary to the Ohio Rules of Superintendence because his counsel was engaged in a criminal jury trial that had been scheduled months in advance. Islam further asserts that Razzak was granted many prior continuances, including a continuance for this trial, and the court selected a new date without input or advance notice to him or his counsel. Finally, Islam argues that expecting "substitute counsel to appear and represent [him] in a longstanding and complicated dispute after having a single attorney fight for him [for] more than 5 years is unfathomable."

{¶ 13} The decision to grant or deny a motion for continuance rests in the broad and sound discretion of the trial court. *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). An appellate court cannot reverse the trial court's ruling on a motion for continuance absent an abuse of that discretion. *Id.* An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). In applying the abuse-of-discretion standard, an appellate court may not simply substitute its judgment for that of the trial court. *In re C.K.*, 2019-Ohio-4167, ¶ 18 (8th Dist.), citing *Vannucci v. Schneider*, 2018-Ohio-1294, ¶ 22 (8th Dist.).

{¶ 14} When reviewing a trial court's ruling on a motion to continue, any potential prejudice to a party denied a continuance is weighed against the trial court's "right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." *Unger* at 67. There are "'no mechanical tests'" for deciding when a continuance's denial is so arbitrary that it violates due process; rather, courts must consider the circumstances in every case and the reasons

presented to the trial court at the time. *Id.,* quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). Courts should also consider certain factors when evaluating a motion for continuance, including the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel, and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance, which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case. *Id.* at 67-68. However, courts are not required "'to assign particular weight to any one factor.'" *Bertalan v. Bertalan,* 2025-Ohio-1443, ¶ 45 (8th Dist.), quoting *Musto v. Lorain Cty. Bd. of Revision*, 2016-Ohio-8058, ¶ 23.

{¶ 15} Weighing the potential prejudice to Islam against the trial court's right to control its docket and the public's interest in the prompt and efficient dispatch of justice, we find that the trial court did not abuse its discretion in denying Islam's motion for continuance. The October 11, 2024 hearing addressed several post-decree motions that were filed beginning in March 2023. Multiple conferences were held and several hearings were previously cancelled and rescheduled. The record reveals that the October 3, 2024 hearing was continued after Islam failed to respond to Razzak's discovery requests and additional time was needed to receive subpoena responses and complete discovery.

{¶ 16} The trial court issued a judgment entry rescheduling the hearing for October 11, 2024. Therein, the trial court advised, "No further continuances will be

granted due to the unavailability of counsel. Should any counsel be unable to attend the scheduled hearing, he/she shall provide substitute counsel to represent his/her client in the hearing/trial." The trial court served this judgment entry via email to Islam's counsel on October 4, 2024, the day of its issuance, and to Islam via regular mail on October 7, 2024. Nevertheless, Islam waited until October 10, 2024, the afternoon immediately prior to the rescheduled hearing, to file a motion for continuance based on his counsel's unavailability.

{¶ 17} Razzak and Razzak's counsel were present at the rescheduled October 11, 2024 hearing. However — despite the fact that Islam's motion for continuance remained pending — neither Islam nor his counsel appeared. In light of the discovery delays created by Islam, the trial court's clear directives regarding continuances based on counsel's unavailability, Islam's eleventh-hour motion, and his complete failure to appear for the October 11, 2024 hearing, we cannot say that the trial court acted unreasonably, arbitrarily, or unconscionably in denying Islam's motion.

{¶ 18} Finally, we consider whether the trial court's denial of Islam's motion for continuance was contrary to the Ohio Rules of Superintendence. Sup.R. 41(B)(1) provides:

> When a continuance is requested for the reasons that counsel is scheduled to appear in another case assigned for trial on the same date in the same or another trial court of this State, the case which was first set for trial shall have priority and shall be tried on the date assigned. Criminal cases assigned for trial have priority over civil cases assigned for trial. The court should not consider any motion for a continuance due to a conflict of trial assignment dates unless a copy of the

> conflicting assignment is attached to the motion and the motion is filed not less than thirty days prior to trial.

This court has noted that the rule applies to conflicting trial dates and arguably does not apply to post-divorce decree motion hearings. *Morgan v. Morgan*, 2024-Ohio-2067, ¶ 41 (8th Dist.). However — regardless of the rule's applicability — the record reveals that Islam did not attach a copy of the conflicting assignment to the motion. And, while we recognize that filing the motion thirty days prior to the rescheduled hearing was an impossibility, Islam did not immediately request a continuance after the trial court notified the parties of the new hearing date. Instead — despite the clear scheduling conflict — Islam waited until the afternoon prior to the rescheduled hearing to file his motion for continuance. Consequently, Sup.R. 41(B) did not require the trial court to grant Islam's motion for continuance.

{¶ 19} Accordingly, we find that the trial court did not abuse its discretion in denying Islam's motion for continuance. Islam's first assignment of error is overruled.

## B. Ineffective Assistance of Counsel

{¶ 20} In his second assignment or error, Islam argues that he was deprived of effective assistance of counsel. Notably, Islam does not challenge prior counsel's conduct. Rather, Islam shifts blame to the trial court, arguing that its "decision to proceed without any attorney of record violates the constitutionally protected right to be heard." Islam claims that he is entitled to these constitutional protections because the hearing involved a motion to show cause, which could result in a

potential jail sentence. Islam claims that "[b]y failing to ensure that the proper proof was presented to the court at any stage of the proceeding, the court denied Islam any representation but particularly, effective representation and thus violated his due process rights." While Islam cites caselaw to establish the general parameters for reversal when ineffective assistance of counsel is raised, Islam does not provide any direct support for his case-specific claims or arguments.

{¶ 21} Contrary to Islam's argument, it is well-established that "'a party does not have a guaranteed right to counsel in a domestic relations proceeding.'" *Bertalan*, 2025-Ohio-1443, at ¶ 49 (8th Dist.), quoting *Wielgus v. Wielgus*, 2011-Ohio-1569, ¶ 11 (8th Dist.). Nor does a constitutional right to counsel exist in civil-contempt proceedings. *D.C. v. J.C.*, 2025-Ohio-3275, ¶ 21 (8th Dist.), citing *Liming v. Damos*, 2012-Ohio-4783, ¶ 11-12. "Where there is no right to counsel in the first instance, there can be no basis for reversal based on an allegation of ineffective assistance of counsel." *C.T.F. v. A.B.M.*, 2025-Ohio-1036, ¶ 37 (10th Dist.). Moreover, "'where a party has entered an appearance but fails to appear for trial, the court may proceed with the trial ex parte in the opponent's absence[,]' so long as the parties have received adequate notice of the trial." (Bracketed in original.) *Id*. at ¶ 60, quoting *Motors, L.L.C. v. Kaba*, 2025-Ohio-640, ¶ 49-50 (8th Dist.).

{¶ 22} As discussed above, when the trial court granted Razzak's motion for continuance and rescheduled the October 3, 2024 hearing, it notified the parties that no further continuances would be granted due to counsels' unavailability. As early as October 2 and 3, 2024, docket entries indicated that a new hearing was set for

October 11, 2024, and the October 3, 2024 hearing was cancelled. A judgment entry reflecting these rulings was issued on October 4, 2024. The entry was sent via email to Islam's counsel that same day and to Islam via regular mail on October 7, 2024. Despite the trial court's rescheduling order and Islam's pending last-minute motion for continuance, neither Islam nor his counsel attended the hearing. Based on our review of the record and relevant caselaw — and in the absence of legal authority cited to the contrary — Islam did not have a constitutional right to counsel at this domestic-relations hearing, and the trial court was within its right to proceed with the hearing in Islam's and his counsel's absence. Therefore, there are no grounds for reversal based on Islam's claims of ineffective assistance of counsel. Accordingly, Islam's second assignment of error is overruled.

### C. Cumulative Error

{¶ 23} In his third assignment of error, Islam argues that the cumulative-error doctrine requires reversal. Islam claims that the following "errors" denied him of "his right to a constitutionally protected trial free of error": (1) "[t]he trial court's failure to properly and timely serve" him or his new counsel with the magistrate's decision; (2) the suspension of his prior counsel; and (3) the trial court's delay in issuing a ruling regarding the October 11, 2024 hearing.[2]

---

[2] We note that the magistrate's decision was filed on June 18, 2025, and was served upon Islam's original and new counsel on June 20, 2025. Moreover, Islam was served via regular mail on June 23, 2025. Therefore, it does not appear that there was any failure of proper or timely service based on the record before us.

{¶ 24} However, Islam again fails to provide any support for these contentions. In his appellate brief, Islam cites a single criminal case for the proposition that "[u]nder the doctrine of cumulative error, a conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of the errors does not individually constitute cause for a reversal." In his appellate brief, Islam cites a single criminal case – *State v. Allen,* 2016-Ohio-102 (8th Dist.), for the proposition that "[u]nder the doctrine of cumulative error, a conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of the errors does not individually constitute cause for a reversal." Moreover, Islam does not provide any support for his contention that the cumulative-error doctrine should be applied in this domestic-relations case based on the specific facts and circumstances surrounding the hearing.

{¶ 25} When an appellant fails to cite any legal authority in support of their claims, this court is allowed to disregard them. *See* App.R. 12(A)(2); App.R. 16(A)(7). Appellate courts are not advocates, and the appellant bears the burden of constructing the legal arguments necessary to support their assignments of error. *Lewicki v. Grange Ins. Co.,* 2023-Ohio-4544, ¶ 41 (8th Dist.), citing *Taylor-Stephens v. Rite Aid of Ohio,* 2018-Ohio-4714, ¶ 121 (8th Dist.), and *Doe v. Cuyahoga Cty. Community College,* 2022-Ohio-527, ¶ 26 (8th Dist.). Islam has not provided any legal authority to suggest that (1) any error — let alone multiple — occurred, and (2) application of the cumulative-error doctrine is appropriate in this

case. We decline to find that the doctrine mandates reversal and overrule Islam's third assignment of error.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
KATHLEEN ANN KEOUGH, J., CONCUR